**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DANIEL T. WELCH, | : | Case No. 2:23-cv-948 |
| | : | |
| Petitioner, | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| WARDEN, SOUTHEASTERN CORRECTIONAL INSTITUTION, | : : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner filed a motion for leave to proceed *in forma pauperis* in connection with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Doc. 1). However, the motion was incomplete in that petitioner did not have the institution of incarceration complete the certification portion of the application and affidavit to proceed without prepayment of fees form used in this Court (page 8 of the application and affidavit form) showing the balance of his prisoner account.

On March 27, 2023, the Court entered a Deficiency Order directing petitioner to correct this deficiency by either paying the full filing fee of $5.00 or submitting a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including the "Certificate" page within thirty days. (Doc. 2). Petitioner was advised that failure to comply with this Order would result in the dismissal of this action for want of prosecution. (*Id.* at PageID 25).

More than thirty days have passed since the Court entered its March 27, 2023 Order, and petitioner has neither paid the full filing fee of $5.00, submitted a completed Application and

Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, or otherwise responded to the Court's Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to respond to the Court's Order. *Link*, 370 U.S. at 630–631.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution. It is further **RECOMMENDED** that plaintiff's pending motion (Doc. 1) be **DENIED as moot.**

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another

party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 5, 2023                                *s/Peter B. Silvain, Jr.*
PETER B. SILVAIN, JR.
United States Magistrate Judge